NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VEPO DESIGN CORPORATION, et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMERICAN ECONOMY INSURANCE COMPANY, <br><br> Defendant-Appellee. | No. 23-55634 <br><br> D.C. No. <br> 2:20-cv-04950-MWF-JEM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 23, 2024
Pasadena, California

Before:  TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Vepo Design Corporation and its officers (collectively, "Vepo") appeal the

district court's grant of summary judgment on their breach of contract and bad faith

claims against American Economy Insurance Company ("AEIC").  Vepo's claims

relate to AEIC's denial of coverage following a fire in a laundromat, known as the

"Central Laundromat," which Vepo was developing.  We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Silverado Hospice, Inc. v. Becerra*, 42 F.4th 1112, 1118 (9th Cir. 2022), and the district court's evidentiary rulings for abuse of discretion, *see Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1993). We affirm in part, reverse in part, and remand.

1.    We reverse the district court's grant of summary judgment in favor of AEIC on Vepo's business income claim, which concerns income Vepo contends it would have earned operating the Central Laundromat if the fire had not occurred. AEIC argues that Vepo's claim for lost income was too speculative given that the Central Laundromat was still under construction and Vepo had not secured additional financing to own and operate it. But construing the facts in the light most favorable to Vepo as the non-moving party, *see, e.g.*, *Nelson v. City of Davis*, 571 F.3d 924, 928–29 (9th Cir. 2009), we conclude that there is sufficient evidence to create a genuine dispute of material fact and that Vepo's claim for lost business income is not unduly speculative.

There is evidence that Vepo was contemplating an arrangement under which it would own and operate the Central Laundromat for a period of time before selling it, and that Vepo later engaged in similar arrangements for other laundromats. Vepo, which was experienced in the laundromat industry, also demonstrated that it had a history of securing financing for its laundromat projects and that it intended to

2

refinance the Central Laundromat once a certificate of occupancy was received. Although Vepo had not secured refinancing for the Central Laundromat as of the time of the fire, Vepo's Principal Owner stated in her declaration and confirmed at her deposition that it was too early to do so in the project timeline. That Vepo had yet to refinance does not render its claim too speculative as a matter of law.

Our decision in *Pyramid Technologies, Inc. v. Hartford Casualty Insurance Co.*, 752 F.3d 807 (9th Cir. 2014), is distinguishable. There, the insured brought a breach of contract action from a denial of insurance coverage after its warehouse flooded. *Id.* at 810–11. The business income claim in *Pyramid* would have required the factfinder to speculate (1) that the insured and a potential customer would have contracted even though they had not yet negotiated pricing and other terms, and (2) importantly, that the customer would not have discovered the fact that plaintiff's warehouse had no humidity control, which the customer testified was a requirement. *Id.* at 822. The facts of this case do not involve this degree of speculation, especially given Vepo's track record securing financing and its experience operating laundromats. Whether Vepo would have successfully owned and operated the Central Laundromat, and how much income it would have lost, are for a jury to decide.[1]

---

[1] That said, the district court did not abuse its discretion in excluding Vepo's proffered declarations from loan brokers Mario Padilla and Antonio Hachem. Vepo

3

2.      We affirm the district court's grant of summary judgment in favor of AEIC for the extra expenses that Vepo allegedly incurred in storing laundry equipment in a warehouse owned by Vepo's sister company following the fire. While the policy only required the expense to be incurred, not paid, there is insufficient evidence to create a triable issue over whether the expense was incurred at all.  No payment changed hands between the two entities, and there is no accounting record showing that Vepo was liable for the storage amount.  In this case, invoices associated with a storage contract in which the same person signed as representative of both entities, without more, does not create a genuine dispute of material fact.

3.      The district court properly granted summary judgment on Vepo's claim for lost profits on the prospective sale of the laundromat.  Even assuming that such a loss would be covered under the policy, the claim fails because the policy limited coverage to losses that occur within one year of the incident.  Vepo's plan called for it to own and operate the Central Laundromat for at least one year after opening, which would place any hypothetical sale more than a year after the pre-opening fire.

4.      We affirm summary judgment for AEIC on the claims by the individual

---

was on notice that it should have disclosed and submitted these declarations earlier and not in a sur-reply to AEIC's motion for summary judgment.  But even excluding these two late-breaking declarations, there is still a genuine dispute of material fact on Vepo's business income claim for the reasons we have given.

plaintiffs for their own personal property that was allegedly lost in the fire. As the district court correctly found, Vepo did not identify what individual property was lost or its worth. The individual plaintiffs' claims are too unsupported to create a triable issue.

5. We partially reverse the district court's grant of summary judgment on Vepo's bad faith claim, to the extent of the single insurance claim we are allowing to go forward—the business income claim. The district court may permit any further motions practice on the bad faith claim as it deems appropriate. We affirm the district court's grant of summary judgment on the bad faith claim insofar as that claim is premised on any of the other breach of contract claims to which AEIC is entitled to judgment as a matter of law. *See, e.g.*, *Brown v. Mid-Century Ins. Co.*, 156 Cal. Rptr. 3d 56, 70 (Cal. Ct. App. 2013) (explaining that there is no claim for breach of the implied duty of good faith and fair dealing if there was no improper denial of coverage under the policy).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[2]

---

[2] The parties shall bear their own costs on appeal.